## ROBERTSON LUMBER COMPANY v. TOWNSHIP OF MIDDLE RIVER.[1]

March 6, 1925.

No. 24,474.

**Finding sustained that town order was paid.**
Evidence considered and *held* sufficient to justify the conclusion of the trial court that the town order sued upon was paid prior to the bringing of this action.

*Headnote. See Towns, 38 Cyc. p. 661 (1926 Anno).

Action in the district court for Marshall county to recover $400. The case was tried before Grindeland, J., who granted plaintiff's motion for a directed verdict. From an order granting defendant's

[1]Reported in 202 N. W. 488.

motion for judgment notwithstanding the verdict, plaintiff appealed. Affirmed.

*Grady & Fosmark* and *McIntyre, Burtness & Robbins*, for appellant. *E. A. Brekke*, for respondent.

QUINN, J.

Plaintiff is a foreign corporation, operating two retail lumber yards—one at Argyle and one at Stephens in this state. On September 10, 1921, the township of Middle River was indebted to it in the sum of $400, and, on that day, issued and delivered to plaintiff its town order, payable at the Citizens State Bank of Argyle. On October 4, plaintiff presented the order to the bank for payment, which order was refused for want of funds and was so indorsed by the officer in the bank. On August 24, 1922, Mr. Dundas, plaintiff's Argyle agent, indorsed plaintiff's name on the back of the order and handed it to the assistant cashier in the bank, telling him the order belonged to the Stephens Yard and for him to remit it to that office. At that time the township had more than sufficient money in the bank to pay the order. The assistant cashier received the order, stamped it "paid," charged it to the account of the township, drew a cashier's check for $421.60, and sent it to the plaintiff at Stephens where plaintiff's agent received it, indorsed the same and placed it in a bank at that place in the usual course of business, but, before it reached the Argyle bank, that bank had closed its doors. On August 29, 1922, the check was protested for nonpayment.

From an order of the trial court, directing judgment in favor of the defendant, plaintiff appealed. We are of the opinion that the trial court was right in so ordering judgment.

Appellant urges that the bank, in all things in relation to the transaction, acted for and on behalf of the township, as its agent. We are of the opinion and hold that, when the town order was indorsed by plaintiff, presented at the bank, and the officer of the bank received the same, marked it paid and charged the same to the account of the township, the order was paid, there being sufficient funds in the bank for that purpose which belonged to the town. When the bank undertook to remit the amount of the order

to the Stephens yards it did so at the request of the plaintiff and the township was in no manner concerned in that part of the transaction.

Affirmed.